First case is Thomas Snyder versus the Secretary of Veterans Affairs 2024-1862. Mr. Duarquez. Thank you, your honor. May it please the court. On behalf of Mr. Snyder, I want to thank this court for the opportunity to present his appeal. Mr. Snyder urges this court to hold it is agency error for the board to produce a decision that lacks findings of fact and conclusions of law sufficient to allow judicial review on the record before it. Mr. Snyder is a prevailing party here because the Veterans Court remanded his claim for an earlier effective date because the board failed to fully develop the record before making a final decision. On the merits, the board found that Mr. Snyder was not entitled to an earlier effective date than October 2014 and the Veterans Court remand order directed it to address whether he was record evidence. The Veterans Court's finding found Mr. Snyder is not a prevailing party because according to its order, it was only to address an argument not raised at the agency, but this ruling ignores binding precedent and the rest of its remand order. What is the precedent that you think that that? So the primary precedent, your honor, is Davis and Kelly and of course the other Motorola and some other courses, cases, but the two cases that I think are most helpful here are Davis and Kelly. Kelly was the one where we said the Veterans Court, despite having said it wasn't finding a board error, necessarily must have done so. And that dividing line is a line that the Veterans Court recognized as an important dividing line, but it found that this case was on the other side of the line from Kelly, that it really didn't necessarily find board error. Why is that wrong as a matter of law? It's wrong, your honor, because if we look at the remand order in Kelly, it's remarkable similar to the remand order here. We have a record where the board was looking at an effective date and it selected one date. There was record evidence before the board that indicated or suggested that he may be entitled to an earlier date. That evidence was not raised to the board, granted, and the court recognized that. I don't remember. In Kelly, did the veteran argue to the board for the earlier effective date? Here, the veteran did not do that, right? It said 2014. There was an argument, but there was no argument for a 2012 date. Do I have those dates right? That's correct, your honor. Okay. And so the Veterans Court said, now you're arguing it. You have a new argument. We could say there's an issue exhaustion problem and just say affirm, but we're going to give you the benefit of a remand and direct the board to consider it. Why is that implicitly a finding of administrative error? So when we look at what happened in Kelly, your honor, in Kelly, it wasn't an effective date. It was a service connection claim, but there were two separate diagnoses in the medical records. The board addressed one and ignored the other, and the Veterans Court remanded to address that second diagnosis. And this court found that because it was already of record and the board was already looking at the service connection, that the veteran was a prevailing party. And it really focused on the specific question of entitlement to benefits based on a diagnosed disability, and that it was already of record. Here, the board was looking specifically at the effective date. And specifically, 2014 requested effective date, right? That is specifically what you requested. And so when you ask for a 2014 date, I'm not sure why it was incumbent on the board to wonder if there were any other possible earlier dates than 2014 beyond your specifically requested 2014 date. The law requires, your honor, in Roberson in particular, this court held that the board must fully develop the claim before it issues a final decision. The remand order here specifically cited to Roberson, and I recognize that the court in its Egypt decision kind of put that, didn't agree with us in how Roberson applies, but the board does have an obligation to fully develop the record. Just why is Robinson not really the right case to be thinking about? I mean, your arguments would seem to apply to the case of Robinson where, you know, in your view, the board would have needed to have developed the record adequately in order to consider any and every possible advantage Mr. Roberson could have gained in terms of benefits. But there, we concluded, as the Veterans Court concluded, that there was a brand new issue that was raised for the first time before the Veterans Court. And rather than applying issue of exhaustion, the Veterans Court could have easily and clearly done, it elected to remand that newly raised issue back to the board. And we said that was, that showed that there was no evidence of any administrative error. If anything, that was grace that was given to Mr. Robinson, just as it appears to me that grace was given here to Mr. Snyder to permit a brand new issue that had never been raised before to be considered in the first instance, but not by the Veterans Court, by the board. So why isn't Robinson really the right model of how to think about your case? Two points on that, Your Honor. On page 986 of the Robinson, the court says, it does not suggest that a remand predicated on exercise of discretion can never be a prevailing, can never confer prevailing party, which is what we have here. The second point is, in Robinson, the issue presented to the board was the rating assigned for the disability. When the veteran got to the Veterans Court, the attorney raised an effective date argument, and the court remanded only the effective date. And this court specifically pointed that out, distinguished it from Kelly in saying, you know, in Kelly, we had the record presenting two alternatives to the claim that the board was actually looking at. In Robinson, on the other hand, the veteran only presented the rating issue to the board. The board ruled on it. They didn't challenge the rating issue, but instead raised a challenge on the effective date, and the court, giving grace, as you indicated, said, we're going to send it back and let you look at the, or argue the effective date matter. So the distinguishing, the distinguishing characteristics between Robinson and Kelly is that in Kelly, the record contains... I guess, are you ultimately disputing the Veterans Court view that your request for a 2012 effective date to the Veterans Court was a newly raised issue? It's not a new... Because that's what they said. So I... So I now, I didn't, I don't recall your briefing disputing that. I, I don't, I want to be careful here, Your Honor, because I think that there's a, there's a, there's some confusion in the case law, both at this court and the Veterans Court. It's not confusing. On... Nobody ever said anything about a 2012 effective date request. Well... Until... Because... Until the, your appeal to the Veterans Court. Right, Your Honor. But there's a difference between issues and arguments. And so when you say the newly raised issue, the issue before the board and the Veterans Court remained the same. The effective date for the entitlement to his claim. The arguments, on the other hand, were newly raised to the Veterans Court. We completely agree with that. And, but it was based upon evidence that was already of record, just like in Kelly. And so there were two alternatives there that the record disclosed that the veteran represented by a non-attorney at the board didn't see, but when he... Error that occurred here, where there was no suggestion of any administration, administrative error in Robinson. Again, Your Honor, in Robinson, the issue presented to the board was the rating, and the issue remanded by the court was effective date. And those two are different enough that it was not necessarily error in that case for the board not to have considered or addressed that. And the court simply gave grace and said, we're going to allow you to argue that and potentially obtain an earlier effective date. Here, as in Kelly, the issue before the board was the effective date, and the record at that time... When you asked at the board for a 2014 date, it was administrative error for the board to not look past 2014 for some possible potential earlier date that wasn't specifically requested to the board. Is that your argument? It is, Your Honor. Yes, Your Honor. And that's what Roberson teaches in when you're presented a claim... In Roberson, the veteran asked for a higher rating, and this court said when there's evidence in the record that suggests a TDIU rating, which is a rating, it's the same issue... Roberson, a board appeal case where it was a request for review of a rating decision, and then they made an argument to the board, and then our court said in Roberson, oh, well, the board needs to actually do much more than just actually look at the arguments specifically raised. We have to the board needs to think much deeper than that. It is, Your Honor, and that's exactly what Roberson held in that under its statutory jurisdiction, 7104A, the board is required to review the entire record of proceedings before it, all evidence, lay and medical, apply each and every applicable or potentially applicable law. Thomas V. McDonough more recently recognized the potentially applicable regulations and maximize or fully develop the claim before issuing a final decision. And that's where the board erred here in that it did not fully develop the claim because it overlooked this potential 2012 effective date. If there are no other questions, I will reserve the remainder of my time for rebuttal. We will save it for you. Mr. Kwon. Thank you, Your Honor. May it please the court. Nelson Kwon from the Department of Justice representing the Secretary of Veterans Affairs. To address Mr. Snyder's argument, we first point that the Veterans Court did not remand to the board necessarily to consider an earlier effective date. The Veterans Court remanded to the board to address whether Mr. Snyder reasonably raised his argument before the board. So there is some difference in those two because the Veterans Court explicitly found that this was a new argument raised on appeal. And if it was not reasonably raised before the board, then there was no there's no reason to continue. And on the merits, nothing changed. Clearly, Mr. Snyder was not a prevailing party. So help me understand how what you're saying now fits with the argument that we just heard, which is that there is a clear, I'm going to state it my way and I may get this wrong, but there was a clear legal duty on the part of the board to examine the record for this particular injury to identify the right effective date. The board didn't do that. And the remand here necessarily had to rest on that finding of administrative error. What part of that is wrong? The entire part of it is wrong, candidly. But the biggest part to start with is in the board. The board actually granted Mr. Snyder the relief he requested. And unfortunately, it's not in the joint appendix, but there is the board's decision is available on Westlaw, the Westlaw Citations 2021, WL472-4608. So that is a huge distinction to other cases that Mr. Snyder cites too. So did what you just say imply that the board does not have a legal duty to look at the record to see if something more favorable than the veteran requests is something the veteran is actually entitled to? In this case, because the board's decision, in the board's decision, the board addressed Mr. Snyder's argument asking for a 2014 effective date. And the dispute back then was whether Mr. Snyder was entitled to a 2015, a later effective date. And the board granted Mr. Snyder's request for a 2014 effective date. And now on appeal, or later on appeal, Mr. Snyder said, well, we should go to 2012. And so that is not a duty that the board had. The board was focused on the arguments presented by the party. And those were the record. And the board granted Mr. Snyder's request at that time. So when in the second round before the Veterans Court, the EJER round, what did you, if anything, say to the Veterans Court to indicate that there was actually a reasonable dispute about whether the board, not that there was back in front of the board, but that there was a reasonable dispute in the 2023 board, the May 2023 board Veterans Court decision about whether the board had violated a duty or not, not that that violation of duty was argued to the board. It was not argued to the board, but it's argued to the Veterans Court. Did you say, well, he says there's this duty, he's saying to the Veterans Court, but there really isn't. Let me tell you why there really wasn't this duty. I believe there was. I don't have the brief passage in front of me. But I recall the argument first was that there was no error. And so this, again, as we discussed, this remand was purely to address legal arguments that Mr. Snyder raised for the first time on appeal. So there was no at the most, the court may grant, the Veterans Court may grant a remand to the board to decide whether, to determine whether Mr. Snyder reasonably raised his argument before the board. And that was it. And so, again, those are purely factual determinations made by the Veterans Court. So the fact that Mr. Snyder is now arguing there was some kind of legal rule that was extrapolated from the Veterans Court, that is not an accurate reflection of the Veterans Court's decision. Are you familiar with the Roberson opinion? Yes, Your Honor. And how it may or may not apply to the circumstances of this case. I heard Mr. Dujakis say that Roberson tells us that sometimes when a claimant seeks a higher rating or earlier effective date, it's incumbent upon the board not only to address that specific argument, but also has a duty to look and see if the record supports an even earlier than requested effective date or an even higher than requested rating. And when that does not happen, then there is some kind of administrative error. And so, therefore, there's always, in that sense, an implicit claim for a higher rating or an even higher or even better earlier effective date. And so, if that's always in front of the board, then you can't really think of that as being a waived issue if the veteran raises that request for an even earlier effective date for the first time expressly in front of the Veterans Court. Can you address that? Yes, Your Honor. So, again, in Roberson, there was a request for an earlier effective date or a request that was made before the board. And the issue was whether the board sympathetically reviewed the record to develop a claim. Here, that's not the case because, again, in front of the board, Mr. Snyder, he asked for 2014 effective date. And again, the board granted Mr. Snyder's request. And so, this is why the Veterans Court remanded to the board to decide whether it was reasonably raised. What is a case in which we have held that the board does not have a duty to look at the record to determine the earliest proper effective date, even if that date might be earlier than anything the Veterans Court requests? We don't have that citation, Your Honor, and possibly because that is an intensively factual determination. And this is why the Veterans Court remanded to the board to see whether it was reasonably raised in the first place. Reasonably raised by the record means one thing. Reasonably raised by the veteran means a different thing. Which? Here, I believe the Veterans Court meant reasonably raised by the record. And because the Veterans Court did not have the full record in front of the Veterans Court. And so, whether the record in front of the board allowed the board to make such a determination, that is a factual determination. And the Veterans Court did not make any legal determination on that issue. Do we know the outcome of the remand? We do not, Your Honor. We don't even know if there was a decision by the board on remand? We do not, Your Honor. And if there are no further questions from the court? Thank you, Mr. Kwon. Mr. Delacroix has some rebuttals on. Do we know the outcome of the remand? I do not, Your Honor. Again, we are not the agents, the representative at the agency. And I apologize for not having that information ahead of time. I didn't see your blue briefs at Roberson. The blue brief. We're talking about Roberson? Roberson, Your Honor. Roberson v. Principi. I see. Not Robinson. Not Robinson, the EJIA case. But Roberson, the case from about 20 years ago. Roberson was cited by the Veterans Court. It was cited in our EJIA application, as well as our merits at the Veterans Court. But the legal principle is contained in Roberson where the board must fully develop the record before issuing a final decision. I would just like to clarify that. That's just a little bit of a different argument than the argument I heard you say today, which is that embedded in any kind of request for an earlier rating is a duty on the board to look for even possibly earlier effective dates supporting the record. That question seems to be a different question than whether the record was fully developed enough. Well, I think it's the same thing, Your Honor. By fully developing the record, the board will discover, if reasonably raised, in the record. And again, the veteran cannot reason. It sounds like you're asking for your arguments in your blue brief to be interpreted as having embedded implicitly within it this other argument. Not at all, Your Honor. Which is very much what you're asking the board to do. Not at all, Your Honor. What we argued in our brief is that the Veterans Court remanded the appeal because the board did not consider the evidence of the earlier 2012 claim, just like in Kelly, where they did not consider the evidence of the other diagnosis. In doing, the reason that the board is required to do that is because under 7104A and this court's ruling in Roberson in particular, the board must fully develop the record before deciding, I'm sorry, fully develop the claim before deciding it in a final decision. And it's the record that reasonably raises issues, not the veteran. The veteran would just raise them. The secretary raised a new argument here that we did not see in his brief in that when the veteran asked for a specific relief, the board has no legal obligation to look for more. So one, we would ask that this court find that he waived this argument. And two, it's not right. As I just described, 7104A, 3.103A, sympathetically developing, maximizing benefits, fully developing, the record is the veteran's court, I'm sorry, the board is required to do this whether the veteran asked for it or not. And if that rule were in place, then a veteran who said nothing would be in a better position than one who guessed wrong because of his or her lack of understanding of this very complicated legal structure. If that proposition were as broad as I think I heard you say it, would there be any room left for issue exhaustion? There would not be, Your Honor. I mean, then it would just be what you asked for. And Magid specifically was saying that the court has jurisdiction, although discretion, to consider issues that weren't raised by the veteran even when they asked for something very specific. And all cases following that have recognized that rule. And then I am out of time, so we would ask that this court reverse the veteran's court's decision, find that Mr. Snyder is a prevailing party. Thank you, counsel. We have your argument and the case is submitted.